IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA J. SCOTT, | § | |
| *Plaintiff,* | § | SA-22-CV-01000-XR |
| vs. | § | |
| UNITED STATES POSTAL SERVICE, LABOR RELATIONS, | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| JOSHUA J. SCOTT, | § | |
| *Plaintiff,* | § | SA-22-CV-01001-XR |
| vs. | § | |
| UNITED STATES POSTAL SERVICE, LABOR RELATIONS, | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled consolidated causes of action. The record reflects that Plaintiff, who is currently incarcerated in the Comal County Jail, initiated each of the consolidated causes of action by filing a *pro se* motion to compel arbitration. The District Court *sua sponte* consolidated the cases and ordered Plaintiff to either pay the filing fee or submit an application to proceed *in forma pauperis* (IFP). Plaintiff subsequently amended his motion to compel arbitration in the lead case and responded with a motion to proceed IFP. The Court granted the motion and ordered payment of the initial partial filing fee from his institutional trust fund account. The District Court thereafter referred this entire case for disposition of any motion to appoint counsel, an order regarding service, and for a review for frivolousness pursuant

1

to 28 U.S.C. § 1915(e)(2). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed as time-barred.

Plaintiff's amended motion to compel arbitration (titled "Petition to United States Court for Order to Compel Arbitration, Notice and Service; Hearing") is the only pending motion before the Court. Although Plaintiff's motion is titled a motion to compel arbitration, the substance of the motion indicates that an arbitration has already occurred and was resolved in Plaintiff's favor. Plaintiff's motion appears to ask the Court not to compel a new arbitration, but rather to enforce the previous arbitration award of backpay. The Court therefore construes Plaintiff's motion as a Complaint seeking enforcement of an arbitral award and now undertakes a review of the Complaint for frivolousness.

### I.  Analysis

Plaintiff's Complaint asserts that the arbitral award at issue was awarded the first week of February in 2016 and relates to an incident that took place at the San Marcos, Texas Post Office on December 13, 2015. Plaintiff alleges that at the time he was a City Carrier for the Post Office, and the award pertains to backpay owed that should have been included in his pay checks. Plaintiff contends, however, that he never received the backpay that was awarded.

The Federal Arbitration Act provides that a party to an arbitration may apply to federal court for an order confirming or enforcing an arbitral award within one year after the award is made. 9 U.S.C. § 9. Federal courts in this circuit have construed this provision as mandatory. *FIA Card Servs., N.A. v. Gachiengu*, 571 F. Supp. 2d 799, 804 (S.D. Tex. 2008) (citing *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 731 (5th Cir. 1987)). Because Plaintiff did not file his motion to confirm and enforce the arbitration award within the one-year period set forth by the

Federal Arbitration Act, his Complaint should be dismissed as time-barred. Furthermore, if Plaintiff is instead attempting to initiate a new arbitration related to the events cited in his Complaint, this claim is also time-barred. The events at issue occurred over seven years ago. Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and the governing law, the undersigned recommends that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this

report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of February, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE