IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSHUA J. SCOTT,<br>*Plaintiff*<br><br>-vs-<br><br>UNITED STATES POSTAL SERVICE,<br>LABOR RELATIONS;<br>*Defendant* | §<br>§<br>§  SA-22-CV-01000-XR<br>§  SA-22-CV-01001-XR<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATIONS

On this date, the Court considered the Report and Recommendation of United States Magistrate Judge Elizabeth Chestney, ECF No. 11. After careful consideration, the Court **ADOPTS** the Report and Recommendation and **DENIES** Petitioner's Objection (ECF No. 14).

### BACKGROUND

Plaintiff initiated this case while he was incarcerated in the Comal County Jail by filing a *pro se* motion to compel arbitration, which was later amended. ECF Nos. 1, 4.[1] On September 26, 2022, the Court ordered Plaintiff to either pay the filing fee or submit an application to proceed *in forma pauperis* (IFP). ECF No. 6. Plaintiff filed a motion to proceed IFP (ECF No. 7), which was granted. On January 9, 2023, this Court referred the entire case to Magistrate Judge Chestney for disposition of any motion to appoint counsel, an order regarding service, and for a review for frivolousness pursuant to 28 U.S.C. § 1915(e)(2).

The live motion, Plaintiff's Motion to Compel (ECF No. 4), is not actually a motion to compel arbitration. Instead, the motion seeks to enforce an arbitration award entered in 2016. ECF No. 4. Plaintiff states that he was previously employed by the United States Postal Service

---

[1] Plaintiff brought two suits, designated SA-22-CV-01000-XR and SA-22-CV-01001-XR. This District Court consolidated these cases sua sponte, ECF No. 5, and administratively closed SA-22-CV-01001-XR.

("USPS") and was awarded back pay in February 2016 following an arbitration with USPS. *Id*. at 1. However, Plaintiff claims that he did not receive the back pay until "this President's Day," presumably February 21, 2022. *Id*. Thus, Magistrate Judge Chestney construed Plaintiff's motion as a complaint seeking arbitration of an arbitral award. ECF No. 11.

First, Magistrate Judge Chestney found that Plaintiff did not seek a court order confirming or enforcing the arbitral award within one year after the award was made. *Id*. (citing 9 U.S.C. § 9)[2]. Then, because this Circuit understands section 9's "one year" filing requirement to be mandatory, she recommended that the Court dismiss Plaintiff's case as time-barred. After the Report and Recommendation was sent to Plaintiff, he submitted another motion to compel arbitration, which this Court construed as his Objection to the Report. ECF No. 14.

## DISCUSSION

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear

---

[2] Stating, in relevant part, that "if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C.A. § 9.

error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

Plaintiff's Objection states the legal standard articulated in the Federal Arbitration Act, 9 U.S.C. § 4, which permits aggrieved parties to request the court to compel arbitration in certain circumstances.[3] ECF No. 14. After providing this standard, Plaintiff requests that the Court compel USPS to attend arbitration. *Id*. His Objection does not reference nor object to any of Magistrate Judge Chestney's findings or conclusions. *Id*. Because Plaintiff did not specifically object to the Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report and Recommendation and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge (ECF No. 11) is **ACCEPTED** pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's Objection (ECF No. 14) is **DENIED**. This case is **DISMISSED**.

It is so **ORDERED**.

**SIGNED** this 17th day of March, 2023.

Xavier Rodriguez
United States District Judge

---

[3] "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure."